**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| JERMAINE C. SAMPSON, SR., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 23-cv-1373 (TSC) |
| DEPARTMENT OF THE ARMY, | ) ) ) | |
| Defendant. | ) ) ) ) | |

**MEMORANDUM OPINION**

Plaintiff Jermaine C. Sampson, Sr., appearing *pro se*, has sued the Department of the Army for relief under the Administrative Procedure Act (APA). Defendant has moved to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), ECF No. 18, and Plaintiff has moved twice for leave to amend the complaint, ECF Nos. 20, 22. For the reasons explained below, Defendant's motion will be GRANTED, and Plaintiff's motions will be DENIED.

**I. BACKGROUND**

The facts alleged in Plaintiff's Amended Complaint, ECF No. 10, are as follows. Plaintiff served in the U.S. Army for 14 years beginning in 2000. On October 24, 2014, while stationed at Fort Polk, Louisiana, Plaintiff, then-Sergeant First Class, "was convicted by a general court-martial of article 93, article 120, and article 128, in violation of the Uniform Code of Military Justice ("UMCJ")." Consequently, Plaintiff was "reduced to the grade of E-1 and . . . discharged from the service with a bad

conduct discharge." Am. Compl. at 4 ¶ 1 and 5 ¶¶ 2-3.[1] Plaintiff "first appealed his court-martial conviction to the Army Court of Criminal Appeals ("ACCA")," claiming "ineffective assistance of counsel with discovery concerns." *Id*. ¶ 4. On December 8, 2016, the ACCA affirmed the court martial and sentence. *Id*. Plaintiff "then sought discretionary review of the CCA's ruling from the U.S. Court of Appeals for the Armed Forces ("CAAF")," which "summarily affirmed the ACCA's decision" on May 9, 2017. *Id*. ¶ 5; Pl.'s Ex. 26, ECF No. 10 at 71.

On May 10, 2023, Plaintiff filed a Complaint, ECF No. 1, which he amended on July 19, 2023, ECF No. 10.  Invoking principally the APA, 5 U.S.C. §§ 701-706, and attaching the record of his court martial, Plaintiff alleges that "the agency conduct was arbitrary and capricious by refusing to disclose exculpatory material and a violation of his Constitutional Rights under 42 U.S.C. § 1983 Civil Rights Act."[2] Am. Compl. at 4. Plaintiff seeks his "immediate retroactive reinstatement," as well as the correction of his records, restoration of his security clearance, retroactive accrued leave days, retroactive awarding of the Bronze Star for deployment in 2013, a Department of Justice internal investigation, a state bar investigation of discovery violations, a recommendation of a presidential appointment to the rank of CPT, a presidential promotion to Sergeant Major, and an advancement of rank. *Id*. at 44-45.

## II.  LEGAL STANDARDS

### A.  Rule 12(b)(1)

"Federal district courts are courts of limited jurisdiction.  They possess only that

---

[1]  All cited page numbers are those automatically assigned by the electronic case filing system.

[2]  By its terms, § 1983 does not apply to Defendant as an agency of the United States.

power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). "Subject-matter jurisdiction can never be waived or forfeited" because it "goes to the foundation of the court's power to resolve a case." *Gonzalez v. Thaler*, 565 U.S. 134,141 (2012); *Doe ex rel. Fein v. District of Columbia*, 93 F.3d 861, 871 (D.C. Cir. 1996). Before proceeding to the merits of a claim, a court must satisfy itself that it has subject-matter jurisdiction to consider the claim. In the absence of subject-matter jurisdiction, the court "has no authority to address the dispute presented." *Lovitky v. Trump*, 949 F.3d 753, 763 (D.C. Cir. 2020) (citation omitted).

In evaluating a motion to dismiss under Rule 12(b)(1) for lack of subject-matter jurisdiction, the court must "assume the truth of all material factual allegations in the complaint and 'construe the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged.'" *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (quoting *Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005)). Nevertheless, "'the court need not accept factual inferences drawn by plaintiffs if those inferences are not supported by facts alleged in the complaint, nor must the Court accept plaintiff's legal conclusions.'" *Disner v. United States*, 888 F. Supp. 2d 83, 87 (D.D.C. 2012) (quoting *Speelman v. United States*, 461 F. Supp. 2d 71, 73 (D.D.C. 2006)). And while courts construe *pro se* filings liberally, *see Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999), the non-justiciability of a case and the absence of jurisdiction cannot be overcome by liberal construction of the complaint.

B.  Rule 12(b)(6)

The Federal Rules of Civil Procedure require that a complaint contain "a short

and plain statement of the claim" and "the grounds for the court's jurisdiction" so that a defendant has fair notice of the claim and the grounds upon which it rests. Fed. R. Civ. P. 8(a); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing cases). Rule 12(b)(6) permits a party to move for dismissal on the ground that the complaint has failed "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion "tests the legal sufficiency of a complaint." *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

### III.  ANALYSIS

The APA specifically excludes "courts martial and military commissions" from the definition of an "agency" subject to judicial review. 5 U.S.C. § 701(b)(1)(F); *see McKinney v. White*, 291 F.3d 851, 852 (D.C. Cir. 2002) (holding "that the statutory scheme created by Congress for review of courts martial precludes review . . . under the APA"*)*. Moreover, in distinguishing military law "from the law" governing the "federal judicial establishment," the Supreme Court has held that "the acts of a court martial, within the scope of its jurisdiction and duty, cannot be controlled or reviewed in the civil courts, by writ of prohibition or otherwise." *Schlesinger v. Councilman*, 420 U.S. 738, 746 (1975); *see id.* (Congress has not "conferred on any Art. III court jurisdiction directly to review court-martial determinations").

Although a "limited exception" to the jurisdictional bar exists for collateral challenges to the jurisdiction of a court martial, Plaintiff has not alleged plausible facts calling into doubt the authority of the court martial nor asserted "some other equally fundamental defect" in the proceedings to support "a declaration that [the] judgment is void." *McKinney*, 291 F.3d at 853; *see Schlesinger*, 420 U.S. at 747 (noting that a judgment "is not rendered void merely by error"); *see also Cothran v. Dalton*, 83 F. Supp. 2d 58, 67 (D.D.C. 1999), *aff'd*, 6 F. App'x 9 (D.C. Cir. 2001) ("[C]ollateral review is unavailable to attack findings of fact or to re-weigh the evidence.") (citing *Priest v. Secretary of the Navy,* 570 F.2d 1013, 1017 (D.C. Cir.1977); *Dodson v. Zelez,* 917 F.2d 1250, 1252-53 (10th Cir. 1990); *Bowling v. U.S.,* 713 F.2d 1558, 1561 (Fed. Cir. 1983)).

Consequently, the APA claim necessitating review of Plaintiff's court martial and sentence is dismissed without prejudice, and the court "can proceed no further."[3] *Simpkins v. District of Columbia Gov't*, 108 F.3d 366, 371 (D.C. Cir. 1997); *see Mark v. Republic of the Sudan*, 77 F.4th 892, 899 (D.C. Cir. 2023) ("A dismissal for want of subject-matter jurisdiction can only be without prejudice.") (quoting *N. Am. Butterfly Ass'n v. Wolf*, 977 F.3d 1244, 1253 (D.C. Cir. 2020) (internal alteration omitted)).

---

[3]   Because the six-year statute of limitations under 28 U.S.C. § 2401(a) for bringing claims against the United States is "non-jurisdictional and subject to equitable tolling," *Jackson v. Modly*, 949 F.3d 763, 778 (D.C. Cir. 2020), the court will not consider Defendant's argument for dismissal under Rule 12(b)(6) that Plaintiff has "waited too long" to bring his varied claims, Def.'s Mem. at 9-10, except to note that the issue is more nuanced than has been briefed. *See, e.g., Ortiz v. Sec'y of Def.*, 41 F.3d 738, 743-45 (D.C. Cir. 1994), distinguishing *Walters v. Secretary of Defense*, 725 F.2d 107 (D.C. Cir.1983) ("[A] statute of limitations will not normally begin to run until a party has acquired the right to initiate the proceeding covered by the limitations period," which for a service member's claim for correction of records "begins when the applicant fulfills all prerequisites to bringing an application before the Correction Board" that "in some cases [may occur] up to eighteen years after discharge").

## IV.  CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is granted.  A separate order will issue contemporaneously.

Date:  March 12, 2024

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge